**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIELLE KURIN,

Plaintiff,

v.

MICHAEL BALTER,

Defendant.

No: 7:20-cv-4613 (VLB)

**DEFENDANT'S SECOND AMENDED ANSWER**

Defendant Michael Balter ("Defendant"), by its attorneys, Baker & Hostetler LLP, for his Answer to the Second Amended ("Complaint") filed by Plaintiff Danielle Kurin ("Plaintiff") responds as follows:

**<u>INTRODUCTION</u>**

1.      Defendant admits the allegation in Paragraph 1 of the Complaint that he owns and operates a blog located at http://michaelbalter.blogspot.com/ but denies that he has a myriad social media presence.

2.      Defendant admits that he is a "#MeToo Reporter" but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint, except admits that he is a journalist and journalism professor.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

- 1 -

8.      Defendant admits that he commented on Twitter that he was unable to obtain libel insurance and avers that his commentary on Twitter speaks for itself.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that he is a resident of Westchester County which is in this judicial district, and neither admits nor denies the remaining allegations contained in Paragraph 15 of the Complaint as they call for a legal conclusion.

16.     Defendant admits the allegation contained in Paragraph 16 of the Complaint that Plaintiff and Defendant are citizens of separate states but denies that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint is a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 18.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint is a legal conclusion for which no response is required.  To the extent a response is required, Defendant admits that the Court has general jurisdiction over him because he lives in this District but denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint is a legal conclusion for which no response is required.  To the extent a response is required, Defendant admits that the venue is proper in this District because Defendant resides here denies the remaining allegations in Paragraph 22 of the Complaint.

## **PLAINTIFF**

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, except admits that Plaintiff led field schools in Peru.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to admit the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to admit the truth of the allegations contained in Paragraph 28 of the Complaint.

**DEFENDANT**

29.     Defendant admits that he is a resident of Croton on Hudson, New York, denies the remaining allegations contained in Paragraph 29 of the Complaint, and avers that some of the reporting for his posts concerning Plaintiff occurred while he was a resident of Tarrytown, New York.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint except admits that he has taught as an adjunct instructor of journalism.

31.     Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant admits that he authored the book "The Goddess and the Bull" and avers that it was an archeology book published in 2005 by Free Press, an imprint of Simon & Schuster, and he received a $100,000 advance for the book.  Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that reviews of his book on are posted on Amazon.com but denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendant admits that Paragraph 35 of the Complaint contains a quote from part of a review posted on Amazon.com regarding his book, but denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits that Paragraph 36 of the Complaint contains a quote from part of a review posted on Amazon.com regarding his book, but avers that the quote lacks context.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint, except admits that *Science Magazine* terminated Defendant's contract after a 25-year career with the publication.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint, except admits that he has investigated and reported on dozens of cases of actual misconduct in academia, including sexual harassment, bullying, and retaliation.

41.     Defendant admits that he maintains a page on his blog titled "A #STEMToo Rogue's Gallery of sexual harassers, predators, and bullies in the sciences [Continually updated]," listing previous investigations with links to his extensive research but denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant admits that he reported on evidence showing that Ran Boynter had engaged in misconduct, including by covering up systemic misconduct at the Institute for Field Research, but denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendant admits that, in reporting on misconduct at a university in Australia, he questioned whether a former Vice-Chancellor and President of the University of Adelaide, Peter Rathjen, had engaged in misconduct, and avers that Rathjen was subsequently placed on administrative leave while being investigated by Australian government authorities and then resigned for "health reasons."   Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## FACTUAL BACKGROUND

47.     Defendant admits that in September 2015, Plaintiff ran an archeological field program in Peru with her then fiancée, Emmanuel Gomez, and that she later married Gomez but denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendant admits that an incident occurred that resulted in an accusation being lodged to the University of California, Santa Barbara ("UCSB") of sexual harassment against Gomez and avers that there were several such incidents of sexual harassment against Gomez and, based on the findings by the UCSB Title IX investigation, Gomez indeed sexually harassed students and Plaintiff was found to have retaliated against several victims and witnesses. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the full extent of Plaintiff's cooperation with UCSB's investigation as alleged in Paragraph 49 of the Complaint but avers that the Title IX findings stated that Plaintiff withdrew her cooperation.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations that Gomez "was never charged with any crime in either the United States of Peru" and admits that Plaintiff was not "charged" with sexual harassment, but denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant admits the allegations contained in Paragraph 52 of the Complaint and avers that many of the referenced "communications" were found by the official UCSB investigating body to have consisted of retaliation against the participants at her field school.

53.     Defendant denies knowledge or information sufficient to form a belief as to whether Plaintiff "engaged in the UCSB investigatory and disciplinary process," (as opposed to

being subject to the process), "utilize[ed] the proper forums available to her as a professor" or "amicably settled the matter." Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendant admits that Plaintiff married Gomez in the United States in 2016 and avers that she may have married Gomez earlier in Peru

55. Defendant admits that an "incident" occurred in 2018 involving Gomez but denies knowledge or information sufficient to form a belief as to the truth of whether Plaintiff "fully cooperated in the ensuing investigation." Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits that UCSB was not involved in the 2018 incident at the time of the initial investigation, and that IFR conducted an investigation, which "substantiated" inappropriate behavior against Gomez. Defendant denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff filed legal papers to separate and later divorce Gomez after the IFR completed its investigation, but denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant admits that Plaintiff returned to UCSB in September 2019 but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant admits that many of Plaintiff's students, colleagues, supervisors and administrators were likely affected about the reports of Plaintiff's misconduct, including as described in Defendant's reporting, but denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

### DEFAMATION *PER SE*

65.     Defendant admits the allegations contained in Paragraph 65 of the Complaint and avers that a number of archeologists concerned about Plaintiff's return to work contacted him.

66.     Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint, except admits that he did contact many professors, students, and administrators.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant admits the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits that he posted a link to the blog in the Facebook group BioAnthropology News referenced in Paragraph 71 of the Complaint but denies the remaining allegations in this paragraph.

72.     Defendant admits he published links on his Facebook page, including the links referenced, that Plaintiff's photo and name were included, and that others commented on and shared the links, but denies the remaining allegations in Paragraph 72 of the Complaint.

73.     Defendant admits the allegation contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant admits the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant admits he published links on his Facebook page, including the links referenced, and that others commented on and shared the links, but denies the remaining allegations in Paragraph 76 of the Complaint.

77.     Defendant admits the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits that he posted the blog described but denies the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendant admits the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant admits the comment described in Paragraph 80 of the Complaint was anonymously posted on his blog with the corresponding time and date stamp but denies the remaining allegations of this paragraph.

81.     Defendant admits that Paragraph 81 of the Complaint accurately reproduces his comments but denies the remaining allegations in this paragraph.

82.     Defendant admits that he moderates the comments on his blog but denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendant admits that he published Plaintiff's name and links to the referenced blog posts to the page on his blog titled "A #STEMToo Rogue's Gallery of sexual harassers, predators, and bullies in the sciences [Continually updated]" but denies the remaining allegations in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant admits that he obtained a copy of Ran Boynter's letter and published the letter on his blog.

93.     Defendant admits that he wrote on his blog that Ran Boytner's letter was "full of lies and distortions" but denies the remaining allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant admits that he posted on his blog the post described in Paragraph 95 of the Complaint but denies the remaining allegations in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant admits that he posted the comment quoted in Paragraph 97 of the Complaint to his blog post but denies the remaining allegations contained in this paragraph.

98.     Defendant admits that he posted the tweet quoted in Paragraph 98 of the Complaint and that it was "liked" and "shared" as noted, but denies the remaining allegations in this paragraph.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant admits that on or about June 17, 2020 he learned of this lawsuit and that posted the blog referenced in Paragraph 100 of the Complaint but denies the remaining allegations in this paragraph.

101.    Defendant admits the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant admits that stated in his blog post that he used the term "guilty" in the "more common colloquial sense" but denies the remaining allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant admits that he responded to the "Anonymous" commenter and requested additional information but denies the remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant admits the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant admits that he posted on his blog the post described in Paragraph 108 of the Complaint but denies the remaining allegations in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant admits that he posted the comment referenced in Paragraph 110 of the Complaint but denies the remaining allegations of this paragraph.

111.    Defendant admits that he posted on his blog the post described in Paragraph 111 of the Complaint but denies the remaining allegations in Paragraph 111 of the Complaint.

112.    Defendant admits that he discussed obtaining Plaintiff's divorce records on his blog, but denies the remaining allegations in Paragraph 112 of the Complaint.

113.     Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.     Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.     Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.     Defendant admits that the comment referenced in Paragraph 116 of the Complaint was posted on his blog but denies the remaining allegations contained in this paragraph.

117.     Defendant admits that he posted on his blog the post described in Paragraph 117 of the Complaint but denies the remaining allegations in Paragraph 117 of the Complaint.

118.     Defendant admits that he quoted a former student in his blog post as described in Paragraph 118 of the Complaint but denies the remaining allegations in this paragraph.

119.     Defendant admits that he posted on his blog the post described in Paragraph 119 of the Complaint but denies the remaining allegations in Paragraph 119 of the Complaint.

120.     Defendant admits that he published a copy of the letter referenced in Paragraph 120 of the Complaint but denies the remaining allegations in this paragraph 120.

121.     Defendant admits that he provided contact information for the UCSB chancellor, but denies the remaining allegations contained in Paragraph 121 of the Complaint.

122.     Defendant admits the comment described in Paragraph 122 of the Complaint was posted to his blog but denies the remaining allegations in Paragraph 122 of the Complaint.

123.     Defendant denies the allegations contained in Paragraph 123 of the Complaint.

### DAMAGES

124.     Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.     Defendant admits that he has opined that Plaintiff does not deserve tenure based on overwhelming evidence of her misconduct but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Complaint.

126.    Defendant admits that the Stanford Archeology Center rescinded an invitation to Plaintiff to give a lecture, but denies the remaining allegations contained in Paragraph 126 of the Complaint.

127.    Defendant admits that his writing has been circulated in other sources, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "comments" and "upvotes," and denies the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Defendant denies the allegations contained in Paragraph 128 of the Complaint except admits that Plaintiff nominated a potential Ph.D. student who was excited to receive a generous package of support while working towards the Ph.D., and had come to the UCSB campus to visit.

129.    Defendant denies the allegations contained in Paragraph 129 of the Complaint except admits that he sent an email to members of Plaintiff's department at UCSB.

130.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint except expressly denies that his blog and writings are "lie-filled."

135.     Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.     Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137.     Defendant denies the allegations contained in Paragraph 137 of the Complaint.

## COUNT I – LIBEL *PER SE*

138.     Defendant denies any wrongdoing and repeats and realleges its responses to the above paragraphs as if fully set forth herein.

139.     Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.     Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.     Defendant denies the allegations contained in Paragraph 141 of the Complaint and avers that his statements are privileged.

142.     Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.     Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.     Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145.     Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.     Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.     Defendant denies the allegations contained in Paragraph 147 of the Complaint.

## COUNT II – SLANDER *PER SE*

148.     Defendant denies any wrongdoing and repeats and realleges its responses to the above paragraphs as if fully set forth herein.

149.     Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations contained in Paragraph 151 of the Complaint and avers that his statements are privileged.

152.    Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.    Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of the Complaint.

## COUNT III – INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE

156.    Defendant denies any wrongdoing and repeats and realleges its responses to the above paragraphs as if fully set forth herein.

157.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint.

158.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint.

159.    Defendant denies the allegations contained in Paragraph 159 of the Complaint except admits that he was aware of the Stanford speaking engagement.

160.    Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161.    Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.    Defendant denies the allegations contained in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations contained in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations contained in Paragraph 166 of the Complaint.

## AFFIRMATIVE DEFENSES

167.    Defendant sets forth below his affirmative defenses. Each affirmative defense is asserted as to all causes of action against him. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue or element of a claim where such burden properly lies with the Plaintiff. Defendants also reserves the right to allege additional defenses as they become known or as they develop during discovery or throughout the course of this litigation.

### First Affirmative Defense
### (Failure to state a claim)

168.    The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Truth)

169.    All alleged defamatory statements made by Defendant are true or substantially true (and thus treated as true.)

### Third Affirmative Defense
### (Opinion)

170.    All alleged defamatory statements made by Balter that are not true or substantially true are protected as opinion.

### Fourth Affirmative Defense
### (Lack of Actual Malice, Gross Irresponsibility, or Negligence)

171.    Defendant did not act with actual malice, gross irresponsibility, or negligence.

### Fifth Affirmative Defense
**(Common Interest Privilege)**

172.    Plaintiff's claim for defamation against Defendant is barred in whole or in part under the common interest privilege because Defendant provided the information and commentary to others who share a common interest in knowing the information.

### Sixth Affirmative Defense
**(Freedom of Speech Privilege)**

173.    Plaintiff's claim for defamation against Defendant is barred in whole or in part as privileged under the First and Fourteenth Amendments to the Constitution of the United States and under Article I, Section 8 of the New York State Constitution.

### Seventh Affirmative Defense
**(Incremental Harm)**

174.    Plaintiff's claim for defamation against Defendant is barred in whole or in part because any defamatory statement by Defendant imposes no incremental harm to Plaintiff from the injuries that she has already suffered due to her own demonstrable record of misconduct.

### Eighth Affirmative Defense
**(Failure to Mitigate)**

175.    Any damages Plaintiff allegedly incurred are the result of Plaintiff's own actions and failures.

### Ninth Affirmative Defense
**(Contribution)**

176.    Plaintiff's claims are barred and/or reduced, in whole or in part, by her own wrongful conduct.

**Tenth Affirmative Defense**
**(Improper Attribution of Meaning)**

177.    The implications Plaintiff attributes to the statements of Defendant do not represent the meanings intended and are not the meanings that would be reasonably understood by a reader.

**Eleventh Affirmative Defense**
**(Lack of Intent)**

178.    Liability cannot be imposed on Defendant for alleged implications or inferences that he did not intend to communicate.

**Twelfth Affirmative Defense**
**(Communications Decency Act)**

179.    To the extent Plaintiff seeks relief for statements made on Defendant's blog by parties other than Defendant, Defendant is shielded from liability under Section 230 of the federal Communications Decency Act.

**Thirteenth Affirmative Defense**
**(Consent)**

180.    Plaintiff expressly or implicitly consented to publication of the statements attributed to Defendant.

**Fourteenth Affirmative Defense**
**(Fair Comment and Neutral Reportage Privilege)**

181.    Plaintiff's claims are barred by the privileges of fair comment and neutral reportage.

**Fifteenth Affirmative Defense**
**(Limited Purpose Public Figure)**

182.    Plaintiff is a limited purpose public figure and Defendant's statements concern a matter of legitimate public concern.

### Sixteenth Affirmative Defense
### (Right to Additional Affirmative Defenses)

183.    Defendant reserves the right to assert any additional defenses which might come to his attention or might develop during the pendency of this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant Balter respectfully requests that this Court dismiss the Plaintiff's Complaint in its entirety and with prejudice, and that it enter a judgment in favor of Defendant Balter and against Plaintiff as follows:

(a)    Award Defendant all costs and fees, including attorneys' fees, associated with this action; and

(b)    Award Defendant such other and/or further relief as this Court may deem just and proper.

Dated: October 16, 2020                            Respectfully submitted,


                                                   */s/ Mark I. Bailen*
                                                   Mark I. Bailen (508876)
                                                   Melissa M. Carvalho
                                                   Anat Maytal
                                                   **BAKER & HOSTETLER LLP**
                                                   45 Rockefeller Plaza
                                                   New York, New York 10111
                                                   Tel: 212.589.4200
                                                   Fax: 212.589.4201

                                                   *Attorneys for the Defendant*