**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIELLE KURIN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL BALTER,<br><br>　　　　　　　　Defendant. | Case No. 7:20-cv-4613 |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

　　　　WHEREAS Plaintiff Danielle Kurin ("Kurin") and Defendant Michael Balter ("Balter") (collective, the "Parties") have served Plaintiff's First Set of Requests for the Production of Documents to Defendant, Plaintiff's Second Set of Requests for the Production of Documents to Defendant, Plaintiff's Third Set of Requests for the Production of Documents to Defendant, Plaintiff's First Set of Interrogatories to Defendant, Defendant's First Set of Requests for the Production of Documents to Plaintiff, and Defendant's First Set of Interrogatories to Plaintiff (collective, the "Discovery Requests") in accordance with the Civil Case Discovery Plan and Scheduling Order;

　　　　WHEREAS both Parties have objected to producing certain documents and information in response to the Discovery Requests that contain confidential information; and

　　　　WHEREAS the Parties have agreed to enter into this Protective Order in order to allow both Parties to produce all documents responsive to the Discovery Requests including confidential documents.

　　　　THEREFORE, the parties hereby stipulate and agree and this Court orders as follows:

1.      This Protective Order shall govern all documents, including all copies, excerpts, and summaries thereof, produced in this proceeding by the Parties in response to the Discovery Requests (hereinafter referred to as "Discovery Materials").

2.      The Parties may designate as "Confidential" any part of the Discovery Materials that contain confidential information, as defined herein.

3.      For purposes of this Protective Order, "Confidential" information shall mean all documents that are protected as confidential by any law or to which any Party otherwise has an expectation of confidentiality including but not limited to (1) health care information, (2) educational records, (3) enrollment and financial information, (4) personnel records, performance evaluations, pay records, and (5) Discovery Materials for which a Party has taken steps in its regular course of business to keep such information confidential.

4.      Where a Party wishes to designate certain Discovery Materials as "Confidential," the producing party shall mark those materials as "Confidential" by stamping the legend "Confidential" on each page as to which confidentiality is claimed.

5.      Unless the Court otherwise directs, Discovery Materials designated as "Confidential" may be disclosed only to (a) the Court, including its personnel within Chambers; (b) the named parties in this proceedings but only to the extent their access to "Confidential" Discovery Materials is reasonably necessary for purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of this litigation; (c) counsel of record for each party and to their partners, associates, paralegal assistants, office clerks, and secretaries working under their supervision; (d) outside experts, retained for consultation or for testimony; and (e) any actual or prospective witness in this litigation, except that such person may only be shown "Confidential" Discovery Materials during, or in preparation of, his or her

testimony, and only to the extent reasonably necessary for such preparation or testimony. Prior to disclosure to persons described in clauses (d) and (e), counsel seeking to show such "Confidential" Discovery Materials to any expert or witness shall furnish a copy of this Protective Order to him or her and obtain the written certification of each such person to be bound by the terms of this Protective Order, which written certification shall be in substantially the form shown on the attached Exhibit A.

6. For purposes of deposition testimony, all or part of a deponent's deposition testimony may be designated "Confidential" by making such designation on the record at the deposition or in writing within seven (7) days following the deposition.

7. All Discovery Materials that have been designated as "Confidential," and all information derived therefrom, such as extracts, summaries, memoranda, and correspondence quoting from such documents, may be used only for the purposes of this action and any appeal(s) therefrom.

8. Upon termination of this proceeding, including any appeal(s), all copies of "Confidential" Discovery Materials shall be destroyed or returned to the producing Party within sixty (60) days of the final order terminating the action. Nothing herein shall require the return or destruction of Discovery Materials not designated as "Confidential."

9. If "Confidential" Discovery Materials are filed with the Court in connection with a motion or otherwise, they shall be filed under seal unless (a) the Court determines that the Discovery Materials shall not be filed under seal, or (b) the parties agree to waive confidentiality and allow "Confidential" Discovery Materials to be publicly filed.

10. Any "Confidential" Discovery Materials that are designated by any party to be introduced at trial may be offered into evidence unless the producing Party obtains an appropriate protective order from the Court.

11. Any inadvertent or unintentional disclosure of "Confidential" Discovery Materials will not be construed as a waiver, in whole or in part, of a Party's claims of protection either as to the specific information inadvertently or unintentionally disclosed or as to any other material disclosed prior to or after that date.

12. This Protective Order does not in any way deprive any party of its right to contest a party's claims to protection for such information.

13. Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

15. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order.

Dated: January 20, 2021

**SO STIPULATED.**

| *For Plaintiff Danielle Kurin* | *For Defendant Michael Balter* |
|---|---|
| /s/ David Scher | /s/ Melissa M. Carvalho |
| **HOYER LAW GROUP**<br>1300 I Street NW, Ste 400E<br>Washington, DC 20005<br>Tel.: 202-975-4994 | **BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Tel: 212.589.4200 |

David Scher
Email: dave@hoyerlawgroup.com
David Fulleborn
Email: dfulleborn@hoyerlawgroup.com

Fax: 212.589.4201

Mark I. Bailen
Email: mbailen@bakerlaw.com
Melissa M. Carvalho
Email: mcarvalho@bakerhostetler.com
Anat Maytal
Email: amaytal@bakerlaw.com

**SO ORDERED.**

Dated: January 20, 2021

**Vincent L. Briccetti**
**United States District Court Judge**

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLE KURIN,

           Plaintiff,

v.

MICHAEL BALTER,

           Defendant.

Case No. 7:20-cv-4613

**CERTIFICATION CONCERNING DOCUMENTS OR
INFORMATION COVERED BY A PROTECTIVE ORDER**

     I, the undersigned, hereby acknowledge that I have read the attached Protective Order in the lawsuit *Danielle Kurin v. Michael Balter,* Case No. 7:20-cv-4613 (VLB), in the United States District Court for the Southern District of New York, and I agree to be bound by it. I understand that any documents or information, designated "Confidential" shall not be disclosed to anyone or used for any purpose except as expressly allowed by the Protective Order or by the subsequent order of the Court. I further understand that the use of any such documents or information in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

Dated: _____       _____
                                                             [Printed Name]

                                                             _____
                                                                   [Signature]