UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE KURIN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL BALTER,<br><br>　　　　　　　　Defendant. | Case No. 7:20-cv-4613 |

### [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
### (THIRD PARTY INSTITUTE FOR FIELD RESEARCH)

WHEREAS Defendant Michael Balter ("Balter") served a Subpoena Duces Tecum on Third Party Institute for Field Research ("IFR") on December 9, 2020 ("Subpoena");

WHEREAS IFR's responses and objections to the Subpoena were served on December 24, 2020;

WHEREAS IFR has objected to producing certain documents in response to the Subpoena that contain confidential information; and

WHEREAS Defendant Balter and IFR have agreed to enter into this Protective Order in order to allow IFR to produce all documents responsive to the Subpoena, including confidential documents.

THEREFORE, the parties hereby stipulate and agree and this Court orders as follows:

1.　　This Protective Order shall govern all documents, including all copies, excerpts, and summaries thereof, produced in this proceeding by IFR in response to the Subpoena (hereinafter referred to as "IFR Discovery Materials").

2. In providing IFR Discovery Materials, IFR may designate as "Confidential" any part of the IFR Discovery Materials that contain confidential information.

3. For purposes of this Protective Order, "Confidential" information shall mean all documents that are protected as confidential by any law, to which IFR otherwise has an expectation of confidentiality, or for which IFR is protecting the expectation of privacy of an employee or student, provided that IFR has taken steps in its regular course of business to keep such documents and information confidential.  "Confidential" information may include information contained in (1) educational records, (2) enrollment and financial information, (3) personnel records, which may include, among other things, any prospective, current, or former employee's application, performance evaluations, pay records, and (4) documents reflecting or incorporating interviews of persons who have been given assurances of confidentiality; provided that IFR has taken steps in its regular course of business to keep the documents identified in (1) through (4) confidential.

4. Where IFR wishes to designate certain IFR Discovery Materials as "Confidential," IFR shall mark those materials as "Confidential" by stamping the legend "Confidential" on each page as to which confidentiality is claimed.

5. Unless the Court otherwise directs, IFR Discovery Materials designated as "Confidential" may be disclosed only to (a) the Court, including its personnel within Chambers; (b) the named parties in this proceedings but only to the extent their access to "Confidential" IFR Discovery Materials is reasonably necessary for purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of this litigation; (c) counsel of record for each party and to their partners, associates, paralegal assistants, office clerks, and secretaries working under their supervision; (d) outside experts, retained for consultation or for testimony; and (e) any actual or prospective witness in this litigation, except that such person may

only be shown "Confidential" IFR Discovery Materials during, or in preparation of, his or her testimony, and only to the extent reasonably necessary for such preparation or testimony. Prior to disclosure to persons described in clauses (d and e), counsel seeking to show such "Confidential" IFR Discovery Materials to any expert or witness shall furnish a copy of this Protective Order to him or her and obtain the written certification of each such person to be bound by the terms of this Protective Order, which written certification shall be in substantially the form shown on the attached Exhibit A.

6. All IFR Discovery Materials that have been designated as "Confidential," and all information derived therefrom, such as extracts, summaries, memoranda, and correspondence quoting from such documents, may be used only for the purposes of this action and any appeal(s) therefrom.

7. Upon termination of this proceeding, including any appeal(s), all copies of "Confidential" IFR Discovery Materials shall be destroyed or returned to IFR within sixty (60) days of the final order terminating the action. Nothing herein shall require the return or destruction of IFR Discovery Materials not designated as "Confidential."

8. If "Confidential" IFR Discovery Materials are filed with the Court in connection with a motion or otherwise, they shall be filed under seal unless (a) the Court determines that the IFR Discovery Materials shall not be filed under seal, or (b) the parties agree to waive confidentiality and allow "Confidential" IFR Discovery Materials to be publicly filed.

9. Any "Confidential" IFR Discovery Materials that are designated by any party to be introduced at trial may be offered into evidence unless IFR obtains an appropriate protective order from the Court. IFR must be given adequate notice and a sufficient opportunity to seek such a protective order. This notice requirement shall be deemed satisfied if IFR is notified in writing at

any time up until two weeks prior to trial that such materials may be utilized at the trial of this matter or if such materials are designated as trial exhibits in any pretrial order or pleading fairly apprising IFR that the materials will be offered into evidence.

10. Any inadvertent or unintentional disclosure of "Confidential" IFR Discovery Materials will not be construed as a waiver, in whole or in part, of IFR's claims of protection either as to the specific information inadvertently or unintentionally disclosed or as to any other material disclosed prior to or after that date.

11. This Protective Order does not in any way deprive any party of its right to contest IFR's claims to protection for such information.

12. Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order. The Court will retain jurisdiction to impose such sanctions if the improper disclosures are discovered by any party after the termination of this case.

**SO STIPULATED.**

**For Third Party Institute for Field Research**   **For Defendant Michael Balter**

_/s/ Kenneth P. White_____      _/s/ Anat Maytal_____
**BROWN WHITE & OSBORN LLP**          **BAKER & HOSTETLER LLP**
333 South Hope Street, 40th Floor                45 Rockefeller Plaza
Los Angeles, California 90071-1406              New York, New York 10111
Tel: 213. 613.0500                                       Tel: 212.589.4200
Fax: 213.613.0550                                        Fax: Tel: 212.589.4201

4

Kenneth P. White
Email: kwhite@brownwhitelaw.com
Cynthia M. Cohen
Email: ccohen@brownwhitelaw.com

Dated:  February 2, 2021

Mark I. Bailen
Email: mbailen@bakerlaw.com
Melissa M. Carvalho
Email: mcarvalho@bakerhostetler.com
Anat Maytal
Email: amaytal@bakerlaw.com

Dated: February 2, 2021

**For Plaintiff Danielle Kurin**

*/s/ David Scher*_____
**HOYER LAW GROUP**
1300 I Street NW, Ste 400E
Washington, DC 20005
Tel.: 202-975-4994
David Scher
Email: dave@hoyerlawgroup.com
David Fulleborn
Email: dfulleborn@hoyerlawgroup.com

    **SO ORDERED.**

_____
**Vincent L. Briccetti**
**United States District Court Judge**

Dated: __February 2__, 2021

5

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIELLE KURIN,

                Plaintiff,        Case No. 7:20-cv-4613

      v.

MICHAEL BALTER,

                Defendant.

**CERTIFICATION CONCERNING DOCUMENTS OR**
**INFORMATION COVERED BY A PROTECTIVE ORDER**

      I, the undersigned, hereby acknowledge that I have read the attached Protective Order in the lawsuit *Danielle Kurin v. Michael Balter,* Case No. 7:20-cv-4613 (VLB), in the United States District Court for the Southern District of New York, and I agree to be bound by it. I understand that any documents or information, designated "Confidential" shall not be disclosed to anyone or used for any purpose except as expressly allowed by the Protective Order or by the subsequent order of the Court. I further understand that the use of any such documents or information in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

Dated: _____                _____
                                                                         [Printed Name]

                                                                      _____
                                                                          [Signature]