UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE KURIN,<br><br>                           Plaintiff,<br><br>      v.<br><br>MICHAEL BALTER,<br><br>                           Defendant. | Case No. 7:20-cv-4613 |

**[PROPOSED] STIPULATED PROTECTIVE ORDER
(THIRD PARTY LARISA WILKINSON)**

WHEREAS Plaintiff Danielle Kurin ("Kurin") served a Subpoena Duces Tecum on Third Party Larisa Wilkinson ("Wilkinson") on December 31, 2020 ("Subpoena");

WHEREAS Wilkinson's responses and objections to the Subpoena were served on February 10, 2021;

WHEREAS Wilkinson has objected to producing certain documents in response to the Subpoena that contain information intended to be private and confidential; and

WHEREAS Kurin and Wilkinson have agreed to enter into this Protective Order in order to allow Wilkinson to produce all documents responsive to the Subpoena, including confidential documents.

THEREFORE, the parties hereby stipulate and agree and this Court orders as follows:

1.      This Protective Order shall govern all documents, including all copies, excerpts, and summaries thereof, produced in this proceeding by Wilkinson in response to the Subpoena (hereinafter referred to as "Wilkinson Discovery Materials").

2.	In providing Wilkinson Discovery Materials, Wilkinson may designate as "Confidential" any part of the Wilkinson Discovery Materials that contain confidential information.

3.	For purposes of this Protective Order, "Confidential" information shall mean all documents that are protected as confidential by any law, to which Wilkinson otherwise has an expectation of confidentiality. "Confidential" information may include but is not limited to information relating to (1) educational records or information, (2) financial records or information, and (3) medical records or information.

4.	Where Wilkinson wishes to designate certain Wilkinson Discovery Materials as "Confidential," Wilkinson shall mark those materials as "Confidential" by stamping the legend "Confidential" on each page as to which confidentiality is claimed.

5.	Unless the Court otherwise directs, Wilkinson Discovery Materials designated as "Confidential" may be disclosed only to (a) the Court, including its personnel within Chambers; (b) the named parties in this proceedings but only to the extent their access to "Confidential" Wilkinson Discovery Materials is reasonably necessary for purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of this litigation; (c) counsel of record for each party and to their partners, associates, paralegal assistants, office clerks, and secretaries working under their supervision; (d) outside experts, retained for consultation or for testimony; and (e) any actual or prospective witness in this litigation, except that such person may only be shown "Confidential" Wilkinson Discovery Materials during, or in preparation of, his or her testimony, and only to the extent reasonably necessary for such preparation or testimony. Prior to disclosure to persons described in clauses (d and e), counsel seeking to show such "Confidential" Wilkinson Discovery Materials to any expert or witness shall

furnish a copy of this Protective Order to him or her and obtain the written certification of each such person to be bound by the terms of this Protective Order, which written certification shall be in substantially the form shown on the attached Exhibit A.

6. All Wilkinson Discovery Materials that have been designated as "Confidential," and all information derived therefrom, such as extracts, summaries, memoranda, and correspondence quoting from such documents, may be used only for the purposes of this action and any appeal(s) therefrom.

7. Upon termination of this proceeding, including any appeal(s), all copies of "Confidential" Wilkinson Discovery Materials shall be destroyed or returned to Wilkinson within sixty (60) days of the final order terminating the action. Nothing herein shall require the return or destruction of Wilkinson Discovery Materials not designated as "Confidential."

8. If "Confidential" Wilkinson Discovery Materials are filed with the Court in connection with a motion or otherwise, they shall be filed under seal unless (a) the Court determines that the Wilkinson Discovery Materials shall not be filed under seal, or (b) the parties agree to waive confidentiality and allow "Confidential" Wilkinson Discovery Materials to be publicly filed.

9. Any "Confidential" Wilkinson Discovery Materials that are designated by any party to be introduced at trial may be offered into evidence unless Wilkinson obtains an appropriate protective order from the Court. Wilkinson must be given adequate notice and a sufficient opportunity to seek such a protective order. This notice requirement shall be deemed satisfied if Wilkinson is notified in writing at any time up until two weeks prior to trial that such materials may be utilized at the trial of this matter or if such materials are designated as trial exhibits in any

pretrial order or pleading fairly apprising Wilkinson that the materials will be offered into evidence.

10. Any inadvertent or unintentional disclosure of "Confidential" Wilkinson Discovery Materials will not be construed as a waiver, in whole or in part, of Wilkinson's claims of protection either as to the specific information inadvertently or unintentionally disclosed or as to any other material disclosed prior to or after that date.

11. This Protective Order does not in any way deprive any party of its right to contest Wilkinson's claims to protection for such information.

12. Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order. The Court will retain jurisdiction to impose such sanctions if the improper disclosures are discovered by any party after the termination of this case.

**SO STIPULATED.**

| For Third Party Larisa Wilkinson | For Plaintiff Danielle Kurin |
|---|---|
| _/s/_ Ralph G. Blasey, III | /s/ David L. Scher |
| **LAW OFFICE OF RALPH G. BLASEY, III** | **HOYER LAW GROUP** |
| 2 Wisconsin Circle, Suite 700 | 1300 I Street NW, Ste 400E |
| Chevy Chase, Maryland  20815 | Washington, DC 20005 |
| Tel:  240-235-6030 | Tel.: 202-975-4994 |
| Cell: 301-339-4152 | David Scher |
| Ralph Blasey | Email: dave@hoyerlawgroup.com |
| Email: ralph@blaseylaw.com | |

4

Dated:  February 10, 2021

Dated:  February 10, 2021

**For Defendant Michael Balter**

_/s/    Melissa M. Carvalho_
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: 212.589.4200
Fax: Tel: 212.589.4201
Mark I. Bailen
Email: mbailen@bakerlaw.com
Melissa M. Carvalho
Email: mcarvalho@bakerhostetler.com
Anat Maytal
Email: amaytal@bakerlaw.com

Dated: February 10, 2021

Dated:  February 10, 2021

**SO ORDERED.**

_____
**Vincent L. Briccetti**
**United States District Court Judge**

<u>**EXHIBIT "A"**</u>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIELLE KURIN,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL BALTER,<br><br>      Defendant. | Case No. 7:20-cv-4613 |

<u>**CERTIFICATION CONCERNING DOCUMENTS OR
INFORMATION COVERED BY A PROTECTIVE ORDER**</u>

  I, the undersigned, hereby acknowledge that I have read the attached Protective Order in the lawsuit *Danielle Kurin v. Michael Balter,* Case No. 7:20-cv-4613 (VLB), in the United States District Court for the Southern District of New York, and I agree to be bound by it. I understand that any documents or information, designated "Confidential" shall not be disclosed to anyone or used for any purpose except as expressly allowed by the Protective Order or by the subsequent order of the Court. I further understand that the use of any such documents or information in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

  Dated: _____    _____
                        [Printed Name]

                  _____
                         [Signature]