UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE KURIN,<br><br>                              Plaintiff,<br><br>         v.<br><br>MICHAEL BALTER,<br><br>                              Defendant. | Case No. 7:20-cv-4613 |

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
## (THIRD PARTY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA)

WHEREAS Defendant Michael Balter ("Balter") served a Subpoena Duces Tecum on Third Party The Regents of the University of California ("The Regents") on October 23, 2020 ("Subpoena");

WHEREAS The Regents' responses and objections to the Subpoena were served on November 6, 2020;

WHEREAS The Regents has objected to producing certain documents in response to the Subpoena, including documents that contain confidential information; and

WHEREAS Defendant Balter and The Regents have agreed to enter into this Protective Order in order to allow The Regents to produce all documents responsive to the Subpoena, unless objectionable on grounds other than those based on the confidentiality of the documents.

THEREFORE, the parties hereby stipulate and agree and this Court orders as follows:

1.      This Protective Order shall govern all documents, including all copies, excerpts, and summaries thereof, produced in this proceeding by The Regents in response to the Subpoena (hereinafter referred to as "UC Regents Discovery Materials").

2. In providing UC Regents Discovery Materials, The Regents may designate as "Confidential" any part of the UC Regents Discovery Materials that contain confidential information.

3. For purposes of this Protective Order, "Confidential" information shall mean all documents that are protected as confidential by any law or to which The Regents otherwise has an expectation of confidentiality including but not limited to (1) educational records, (2) enrollment and financial information, (3) personnel records, which may include, among other things, any prospective, current, or former employee's application, performance evaluations, pay records, and for which The Regents has taken steps in its regular course of business to keep such information confidential.

4. Where The Regents wishes to designate certain UC Regents Discovery Materials as "Confidential," The Regents shall mark those materials as "Confidential" by stamping the legend "CONFIDENTIAL – PROTECTIVE ORDER FILED [DATE] – KURIN v. BALTER, USDC SDNY CASE NO. 7:20-cv-4613 (VLB)" on each page as to which confidentiality is claimed.

5. Unless the Court otherwise directs, UC Regents Discovery Materials designated as "Confidential" pursuant to the foregoing paragraph may be disclosed only to (a) the Court, including its personnel within Chambers; (b) the named parties in this proceedings but only to the extent their access to "Confidential" UC Regents Discovery Materials is reasonably necessary for purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of this litigation; (c) counsel of record for each party and to their partners, associates, paralegal assistants, office clerks, and secretaries working under their supervision; (d) outside experts, retained for consultation or for testimony; and (e) any actual or prospective witness

in this litigation, except that such person may only be shown "Confidential" UC Regents Discovery Materials during, or in preparation of, his or her testimony, and only to the extent reasonably necessary for such preparation or testimony. Prior to disclosure to persons described in clauses (d) and (e), counsel seeking to show such "Confidential" UC Regents Discovery Materials to any expert or witness shall furnish a copy of this Protective Order to him or her and obtain the written certification of each such person to be bound by the terms of this Protective Order, which written certification shall be in substantially the form shown on the attached Exhibit A.

6. All UC Regents Discovery Materials that have been designated as "Confidential" pursuant to paragraph 4, and all information derived therefrom, such as extracts, summaries, memoranda, and correspondence quoting from such documents, may be used only for the purposes of this action and any appeal(s) therefrom.

7. Upon termination of this proceeding, including any appeal(s), all copies of "Confidential" UC Regents Discovery Materials shall be destroyed or returned to The Regents within sixty (60) days of the final order terminating the action. Nothing herein shall require the return or destruction of UC Regents Discovery Materials not designated as "Confidential" pursuant to paragraph 4.

8. If "Confidential" UC Regents Discovery Materials are filed with the Court in connection with a motion or otherwise, they shall be filed under seal unless (a) the Court determines that the UC Regents Discovery Materials shall not be filed under seal, or (b) the parties, including third party The Regents, agree to waive confidentiality and allow "Confidential" UC Regents Discovery Materials to be publicly filed.

9. Any "Confidential" UC Regents Discovery Materials that are designated by any party to be introduced at trial may be offered into evidence unless The Regents obtains an

appropriate protective order from the Court. The Regents must be given adequate notice and a sufficient opportunity to seek such a protective order. This notice requirement shall be deemed satisfied if The Regents is notified in writing at any time up until two weeks prior to trial that such materials may be utilized at the trial of this matter or if such materials are designated as trial exhibits in any pretrial order or pleading fairly apprising The Regents that the materials will be offered into evidence.

10. Any inadvertent or unintentional disclosure of "Confidential" UC Regents Discovery Materials will not be construed as a waiver, in whole or in part, of The Regents' claims of protection either as to the specific information inadvertently or unintentionally disclosed or as to any other material disclosed prior to or after that date.

11. This Protective Order does not in any way deprive any party of its right to contest The Regents' claims to protection for such information.

12. Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order.

**SO STIPULATED.**

**For Third Party The Regents of the**               **For Defendant Michael Balter**
**University of California**

_____                    _____

/s/ Michael R. Goldstein_____
OFFICE OF THE GENERAL COUNSEL
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Tel: 510.987.9895
Fax: 510.987.9757
Michael R. Goldstein
Email: michael.goldstein@ucop.edu

Dated:  February 18, 2021

/s/ Anat Maytal_____
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel: 212.589.4200
Fax: Tel: 212.589.4201
Mark I. Bailen
Email: mbailen@bakerlaw.com
Melissa M. Carvalho
Email: mcarvalho@bakerhostetler.com
Anat Maytal
Email: amaytal@bakerlaw.com

Dated: February 18, 2021


**For Plaintiff Danielle Kurin**

/s/ David Scher_____
**HOYER LAW GROUP**
1300 I Street NW, Ste 400E
Washington, DC 20005
Tel.: 202-975-4994
David Scher
Email: dave@hoyerlawgroup.com

Dated: February 18, 2021


Dated: February 18, 2021

  **SO ORDERED.**

  _____
  **Vincent L. Briccetti**
  **United States District Court Judge**

5

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIELLE KURIN, <br><br>      Plaintiff, <br><br>  v. <br><br>MICHAEL BALTER, <br><br>      Defendant. | Case No. 7:20-cv-4613 |

**CERTIFICATION CONCERNING DOCUMENTS OR**
**INFORMATION COVERED BY A PROTECTIVE ORDER**

  I, the undersigned, hereby acknowledge that I have read the attached Protective Order in the lawsuit *Danielle Kurin v. Michael Balter,* Case No. 7:20-cv-4613 (VLB), in the United States District Court for the Southern District of New York, and I agree to be bound by it. I understand that any documents or information, designated "CONFIDENTIAL – PROTECTIVE ORDER FILED [DATE] – KURIN v. BALTER, USDC SDNY CASE NO. 7:20-cv-4613 (VLB)" shall not be disclosed to anyone or used for any purpose except as expressly allowed by the Protective Order or by the subsequent order of the Court. I further understand that the use of any such documents or information in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

Dated: _____     _____
                         [Printed Name]

                    _____
                          [Signature]