# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

DANIELLE KURIN,

              Plaintiff,

v.

MICHAEL BALTER,

              Defendant.

Case No. 7:20-cv-4613

## [PROPOSED] STIPULATED PROTECTIVE ORDER
## (THIRD PARTY DR. RICHARD KURIN)

WHEREAS Plaintiff Michael Balter ("Balter") served a Subpoena Duces Tecum on Third Party Dr. Richard Kurin ("R. Kurin") on March 16, 2021 ("Subpoena");

WHEREAS R. Kurin's responses and objections to the Subpoena were served on March 30, 2021;

WHEREAS R. Kurin has objected to producing certain documents in response to the Subpoena that contain information intended to be private and confidential; and

WHEREAS Balter and R. Kurin have agreed to enter into this Protective Order in order to allow R. Kurin to produce all documents responsive to the Subpoena, including confidential documents.

THEREFORE, the parties hereby stipulate and agree and this Court orders as follows:

1.    This Protective Order shall govern all documents, including all copies, excerpts, and summaries thereof, produced in this proceeding by R. Kurin in response to the Subpoena (hereinafter referred to as "R. Kurin Discovery Materials").

2. In providing R. Kurin Discovery Materials, R. Kurin may designate as "Confidential" any part of the R. Kurin Discovery Materials that contain confidential information.

3. For purposes of this Protective Order, "Confidential" information shall mean all documents that are protected as confidential by any law, to which R. Kurin otherwise has an expectation of confidentiality. "Confidential" information may include but is not limited to information contained in (1) educational records, (2) financial information, and (3) medical records.

4. Where R. Kurin wishes to designate certain R. Kurin Discovery Materials as "Confidential," R. Kurin shall mark those materials as "Confidential" by stamping the legend "Confidential" on each page as to which confidentiality is claimed.

5. Unless the Court otherwise directs, R. Kurin Discovery Materials designated as "Confidential" may be disclosed only to (a) the Court, including its personnel within Chambers; (b) the named parties in this proceedings but only to the extent their access to "Confidential" R. Kurin Discovery Materials is reasonably necessary for purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of this litigation; (c) counsel of record for each party and to their partners, associates, paralegal assistants, office clerks, and secretaries working under their supervision; (d) outside experts, retained for consultation or for testimony; and (e) any actual or prospective witness in this litigation, except that such person may only be shown "Confidential" R. Kurin Discovery Materials during, or in preparation of, his or her testimony, and only to the extent reasonably necessary for such preparation or testimony. Prior to disclosure to persons described in clauses (d and e), counsel seeking to show such "Confidential" R. Kurin Discovery Materials to any expert or witness shall furnish a copy of this Protective Order to him or her and obtain the written certification of each such person to be bound

by the terms of this Protective Order, which written certification shall be in substantially the form shown on the attached Exhibit A.

6. All R. Kurin Discovery Materials that have been designated as "Confidential," and all information derived therefrom, such as extracts, summaries, memoranda, and correspondence quoting from such documents, may be used only for the purposes of this action and any appeal(s) therefrom.

7. Upon termination of this proceeding, including any appeal(s), all copies of "Confidential" R. Kurin Discovery Materials shall be destroyed or returned to R. Kurin within sixty (60) days of the final order terminating the action. Nothing herein shall require the return or destruction of R. Kurin Discovery Materials not designated as "Confidential."

8. If "Confidential" R. Kurin Discovery Materials are filed with the Court in connection with a motion or otherwise, they shall be filed under seal unless (a) the Court determines that the R. Kurin Discovery Materials shall not be filed under seal, or (b) the parties agree to waive confidentiality and allow "Confidential" R. Kurin Discovery Materials to be publicly filed.

9. Any "Confidential" R. Kurin Discovery Materials that are designated by any party to be introduced at trial may be offered into evidence unless R. Kurin obtains an appropriate protective order from the Court. R. Kuirn must be given adequate notice and a sufficient opportunity to seek such a protective order. This notice requirement shall be deemed satisfied if R. Kurin is notified in writing at any time up until two weeks prior to trial that such materials may be utilized at the trial of this matter or if such materials are designated as trial exhibits in any pretrial order or pleading fairly apprising R. Kurin that the materials will be offered into evidence.

10. Any inadvertent or unintentional disclosure of "Confidential" R. Kurin Discovery Materials will not be construed as a waiver, in whole or in part, of R. Kurin's claims of protection either as to the specific information inadvertently or unintentionally disclosed or as to any other material disclosed prior to or after that date.

11. This Protective Order does not in any way deprive any party of its right to contest R. Kurin's claims to protection for such information.

12. Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

14. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order. The Court will retain jurisdiction to impose such sanctions if the improper disclosures are discovered by any party after the termination of this case.

**SO STIPULATED.**

| For Third Party Dr. Richard Kurin | For Plaintiff Dr. Danielle Kurin |
|---|---|
| /s/ David Fulleborn | /s/ David Fulleborn |
| **HOYER LAW GROUP** | **HOYER LAW GROUP** |
| 1300 I Street NW, Ste 400E | 1300 I Street NW, Ste 400E |
| Washington, DC 20005 | Washington, DC 20005 |
| Tel.: 202-975-4994 | Tel.: 202-975-4994 |
| David L. Scher | David L. Scher |
| Email: dave@hoyerlawgroup.com | Email: dave@hoyerlawgroup.com |
| David Fulleborn | David Fulleborn |
| Email: dfulleborn@hoyerlawgroup.com | Email: dfulleborn@hoyerlawgroup.com |
| Dated: June 7, 2021 | Dated: June 7, 2021 |

Dated: _____, 2021

**For Defendant Michael Balter**

/s/ *Melissa M. Carvalho*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: 212.589.4200
Fax: Tel: 212.589.4201
Mark I. Bailen
Email: mbailen@bakerlaw.com
Melissa M. Carvalho
Email: mcarvalho@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com

Dated: June 7, 2021

        **SO ORDERED.**

_____
**Vincent L. Briccetti**
**United States District Court Judge**

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIELLE KURIN, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BALTER, <br><br> Defendant. | Case No. 7:20-cv-4613 |

## CERTIFICATION CONCERNING DOCUMENTS OR INFORMATION COVERED BY A PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the attached Protective Order in the lawsuit *Danielle Kurin v. Michael Balter,* Case No. 7:20-cv-4613 (VLB), in the United States District Court for the Southern District of New York, and I agree to be bound by it. I understand that any documents or information, designated "Confidential" shall not be disclosed to anyone or used for any purpose except as expressly allowed by the Protective Order or by the subsequent order of the Court. I further understand that the use of any such documents or information in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

Dated: _____     _____
                              [Printed Name]

                             _____
                              [Signature]